UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON LAWLEY,

    Plaintiff,

                                            Case No. 11-12822
v.                                           Hon. Lawrence P. Zatkoff

ALLAN JERRY SIEMONS,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion in Limine [dkt 32] to exclude from trial testimony regarding any claimed promise of the Defendant to share with Plaintiff 50% of the redemption proceeds of Defendant's ownership in Event Solutions International. Defendant alleges that any testimony about the claimed promise was made irrelevant by the Court's Opinion and Order [dkt 13] dated November 30, 2011, in which the Court dismissed two counts of Plaintiff's complaint.[1] Plaintiff has not yet responded to Defendant's Motion and the Court determines that such response is unnecessary at this time. The Court denies Defendant's Motion as explained below.

On January 11, 2012, the Court issued a Scheduling Order [dkt 17] in this case. Among other things, the Scheduling Order defines the time period within which the parties were to file motions in limine. The Scheduling Order states as follows: "Motions in limine <u>must be</u> filed with the Court <u>before the pretrial/settlement conference date</u>." Nonetheless, during the pretrial conference conducted on December 6, 2012, the Court afforded the parties an opportunity to file motions in limine *after* the Scheduling Order deadline by orally granting the parties a two-week

---

[1] The Court dismissed Counts I and II, breach of contract and breach of implied contract, respectively, in its November 30, 2011, Opinion and Order.

extension. The Court's notes from the pretrial conference reflect this extension: "[A]ny motions in limine to be filed W/I [*i.e.*, within] 2 weeks of today." As such, the parties had until December 20, 2012, to file any motions in limine. Yet, despite this extension, Defendant untimely filed its Motion on January 10, 2013, well beyond the two-week extension provided by the Court at the pretrial conference.

    Accordingly, and for the reasons set forth above, the Court DENIES Defendant's Motion in Limine [dkt 32] based on untimeliness.

    IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            Hon. Lawrence P. Zatkoff
                                            U.S. District Judge

Date: January 16, 2013