UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON LAWLEY,

      Plaintiff,

CASE NO. 11-12822
HON. LAWRENCE P. ZATKOFF

v.

ALLAN JERRY SIEMONS,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 15, 2014.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Costs and Attorney's Fees [dkt 48]. Plaintiff filed a response, but Defendant did not file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

**II. BACKGROUND**

This case arose from Defendant's alleged breach of an oral contract between Plaintiff and Defendant. Plaintiff alleged that the oral contract involved Defendant's promise to pay a portion of the proceeds Defendant received for redemption of Defendant's shares of stock in Event Solutions

International, Inc. ("ESI"). Plaintiff claimed that this promise was in exchange for Plaintiff introducing Defendant to business contacts in 1998 and approving Defendant's ownership interest in ESI.

Plaintiff filed a complaint against Defendant, seeking 50% of the proceeds Defendant received for redemption of his shares of stock in ESI. Plaintiff asserted three counts: breach of an express oral contract (Count I); breach of an implied contract (Count II); and unjust enrichment (Count III).

Defendant filed a motion to dismiss all three counts in Plaintiff's complaint on September 28, 2011. In its November 30, 2011, Opinion and Order, the Court dismissed Counts I and II because Defendant's alleged promise to pay Plaintiff 50% of his stock redemption proceeds was not supported by sufficient legal consideration. The Court did find, however, when reviewing the complaint in the light most favorable to Plaintiff, that Plaintiff's unjust enrichment claim was sufficiently pled to survive Defendant's motion.

On January 22, 2013, the Court commenced trial on Plaintiff's remaining claim for unjust enrichment. Trial continued through January 25, 2013, at which time both parties requested a recess. Trial resumed, and concluded, on February 5, 2013. Following the bench trial, the Court issued an Opinion and Order finding that Plaintiff failed to prove by a preponderance of the evidence his theory of unjust enrichment. *See* Dkt. # 46.

Defendant now moves the Court for a ruling that Plaintiff's action was frivolous and for an award of attorney's fees and costs.

### III. ANALYSIS

Defendant's motion contends that he is entitled to attorney's fees and costs pursuant to Mich. Comp. Laws § 600.2591(1). Defendant purportedly believes that Plaintiff had "no reasonable basis" to file his complaint and, in any event, that the continuance of his position was "devoid of arguable legal merit." For the reasons that follow, the Court fails to agree.

**I. PROCEDURAL FAILURE**

According to local rules within this District, Defendant was required to file a motion for attorney's fees and related non-taxable expenses under Fed. R. Civ. P. 54(d)(2) *no later than* 28 days after entry of judgment. *See* E.D. Mich. LR 54.1.2(a). The Court entered judgment in this case in favor of Defendant on March 13, 2013. Yet, Defendant filed the instant motion on April 11, 2013—more than 28 days after judgment. In other words, Defendant failed to adhere to the time limits imposed by E.D. Mich. LR 54.1.2(a) and therefore his motion is procedurally defective.

Nevertheless, in the interests of justice the Court will consider the substance of Defendant's motion.

**II. ATTORNEY'S FEES AND COSTS**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity must apply state substantive law and federal procedural law. Even more relevant, the Supreme Court has also observed that " '[i]n an ordinary diversity case where the state law does not run counter to a valid federal statute, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.1 (1975) (citation omitted).

Defendant argues that Plaintiff's litigation conduct was frivolous and seeks an award of attorney's fees and costs under the general Michigan statute providing for attorney's fees in frivolous actions. Mich. Comp. Laws § 600.2591 dictates that a court may award reasonable attorney's fees to any party adversely affected by frivolous conduct. The statute defines "frivolous" in pertinent part as: "the party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true;" and "the party's legal position was devoid of arguable legal merit." Mich. Comp. Laws § 600.2591(3)(ii) and (iii). The Court finds Defendant's reliance on this statute misplaced.

3

First, the statute is inapplicable in federal court. Though attorney's fee issues in a diversity case generally hinge on state law, this is only true when the state law at issue is substantive in nature. The state law here—Mich. Comp. Laws § 600.2591—does not neatly fall within that category. Considering an Ohio statute similar to Mich. Comp. Laws § 600.2591, the Sixth Circuit explained that the Ohio attorney's fee provision "is a general statute that allows for the award of attorney fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than for success on the underlying merits of the claim." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002). There, the court concluded that the statute authorizing an award of attorney's fees for frivolous conduct was procedural in nature and, accordingly, Fed. R. Civ. P. 11 "govern[ed] the award of sanctions for frivolous conduct." *Id.* The court further noted a conflict between Fed. R. Civ. P. 11 and the Ohio statute, in that "Rule 11 contains a twenty-one day safe harbor provision but that Ohio statute does not." *Id.* So, the panel opined, even if the Ohio statute was substantive in nature it conflicted with Fed. R. Civ. P. 11's safe harbor provision and, therefore, should not be applied in federal court.[1]

Similar to the court's reasoning in *Hartford*, the Court determines that Mich. Comp. Laws § 600.2591 is procedural in nature and is not based on the success of the underlying claim, but rather depends on the conduct of the parties and attorneys litigating the claim. And, much like the court held in *Hartford*, this Court finds Mich. Comp. Laws § 600.2591 to be inapposite here. Thus, Defendant should have instead sought his requested relief under Fed. R. Civ. P. 11.

Second, even assuming that Mich. Comp. Laws § 600.2591 applied or that Defendant had properly moved the Court pursuant to Fed. R. Civ. P. 11, Defendant is not entitled to attorney's fees under either § 600.2591 or Rule 11 because Plaintiff's action was not frivolous. As discussed in previous

---

[1] The safe harbor aspect of Fed. R. Civ. P. 11 is described as follows: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Put another way, Fed. R. Civ. P. 11 has a safe harbor provision that requires any motion for sanctions to be filed on a party 21 days before the motion is filed with the court.

4

opinions, the Court dismissed Counts I and II of Plaintiff's complaint because "Plaintiff's assertions that introducing Defendant to business contacts and approving Defendant's 30% interest in ESI in 1998 [were not] valid consideration for an alleged oral promise" to pay Plaintiff half of Defendant's stock redemption proceeds.  The Court found Defendant's statements to be merely gratuitous and, if Plaintiff's actions constituted consideration at all, they would be deemed past consideration.  Despite Defendant's arguments otherwise, the Court's dismissal of Counts I and II does not necessarily mean that such theories were devoid of arguable legal merit.  *See Jerico Const., Inc. v. Quadrants, Inc.*, 257 Mich. App. 22, 36 (2003) ("Not every error in legal analysis constitutes a frivolous position") (citation omitted).  The Court has thoroughly reviewed the allegations and evidence surrounding Counts I and II in Plaintiff's complaint and concludes that the decision to plead such causes of action was not frivolous.

Moreover, any attempt by Defendant to label as frivolous Plaintiff's decision to ultimately take Count III—unjust enrichment—to trial is disingenuous at best.  Plaintiff's unjust enrichment claim survived Defendant's motion to dismiss.  Additionally, Defendant had ample opportunities to file a motion for summary judgment on that claim but failed to do so.  Plaintiff's inability to prove its case by a preponderance of evidence—after five days of trial, testimony from four witnesses, and admission of 78 exhibits—does not, in itself, merit a finding that his unjust enrichment claim was frivolous.  As such, even if Mich. Comp. Laws § 600.2591 was otherwise applicable or Fed. R. Civ. P. 11 was relied upon, Plaintiff's lawsuit was not "frivolous" as defined by that statute and federal rule.

### IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for Costs and Attorney's Fees [dkt 48] is DENIED.

IT IS SO ORDERED.

Date:  January 15, 2014               s/Lawrence P. Zatkoff
                                       Hon. Lawrence P. Zatkoff